UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES FREDERICK WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRYAN MARSHALL, d/b/a SELECT )<br>PORTFOLIO SERVICING, INC., )<br>)<br>Defendant. ) | 1:13-cv-285<br><br>*Collier / Lee* |

## **REPORT AND RECOMMENDATION**

Before the Court is the application to proceed *in forma pauperis* ("Application") filed by Plaintiff James Frederick Williams [Doc. 1]. This matter comes before the undersigned for consideration of the Application pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Plaintiff has submitted a three-page complaint and three pages of exhibits. Plaintiff represents that jurisdiction is proper in this Court because "[t]he amount in controversy, exclusive of costs and interest, exceeds $10,000" under 28 U.S.C. 1337(a). [Doc. 2, Page ID # 3]. In the text of the complaint, Plaintiff alleges that he is a resident of the state of Tennessee, while he believes Defendant to be doing business in the state of Utah, so it appears that Plaintiff is claiming diversity jurisdiction before this Court.

Plaintiff previously filed a similar application to proceed *in forma pauperis* and a similar complaint against the same defendant under Case No. 1:13-cv-188. In that case, Plaintiff represented that jurisdiction was proper in this Court as an admiralty or maritime claim. In both the current case and the previous case, Plaintiff seeks to recover a sum of $55,366.51 from

Defendant for an unpaid bond [Doc. 2-1]. The previous case, 1:13-cv-188, was dismissed for failure to state a claim for which relief could be granted due to this Court's lack of subject matter jurisdiction.

28 U.S.C. § 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). I do not reach the question of whether Plaintiff is indigent, however, because I recommend this action be dismissed for the reasons explained below.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Plaintiff has asserted no federal cause of action in his complaint, providing no basis for "federal question" jurisdiction pursuant to 29 U.S.C. § 1331. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiff's claim is more akin to an action for breach of contract, which is a matter of state court jurisdiction when the requirements for federal diversity jurisdiction are not met. Here, although Plaintiff purports that his case is properly before this Court under diversity jurisdiction, Plaintiff's claim appears to fail to meet the requirements of diversity jurisdiction. Plaintiff bears the burden of establishing the existence of diversity jurisdiction in his complaint. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Plaintiff does plead diversity of citizenship, meeting the first requirement. Plaintiff, however, fails to reach the threshold amount of $75,000 in controversy, exclusive of interest and costs, for diversity jurisdiction to exist under 28 U.S.C. §. 1332(a). Plaintiff cites to the $10,000 threshold amount under 28 U.S.C. § 1337(a), but § 1337(a) only

applies to civil proceedings arising under federal commerce and antitrust regulations. Plaintiff does not bring his action under any specified federal commerce or antitrust law, and thus § 1332(a) and the $75,000 minimum is the applicable standard for diversity jurisdiction in this case. Plaintiff seeks $55,366.51, but makes no mention of interest or costs, and therefore does not adequately allege an amount in controversy over $75,000. As such, it appears this Court does not have jurisdiction over Plaintiff's complaint, just as this Court did not have jurisdiction over Plaintiff's previous complaint.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted due to this Court's lack of subject matter jurisdiction.[1]

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).